IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| ROSS WILLIAM ROGGIO, | : | BANKRUPTCY NO.: 5-17-bk-02119-JJT |
| a/k/a Ross W. Roggio | : | |
| a/k/a Ross Roggio, | : | |
| | : | |
| DEBTOR | : | |
| | : | |
| ROSS WILLIAM ROGGIO | : | {**Nature of Proceeding**: Complaint for |
| | : | Sale, Turnover, Violation of Automatic |
| PLAINTIFF | : | Stay and Injunctive Relief} |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| KRISTY LYNN ROGGIO, aka | : | |
| Kristy Merring, and | : | |
| BMW FINANCIAL SERVICES, NA, | : | |
| LLC | : | |
| | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-17-ap-00096-JJT** |

# OPINION

The Debtor, Ross William Roggio, has filed a multiple count Complaint against the United States of America, his ex-spouse, Kristy Roggio a/k/a Kristy Merring, and BMW Financial Services NA, LLC. Debtor has also filed a Motion for a Preliminary Injunction. (Doc. #17). In lieu of filing a response to the Complaint or the Motion for a Preliminary Injunction, the United States of America has simply filed a Motion for Stay "due to an ongoing Federal criminal investigation of Ross Roggio." (Doc. #23).

The Debtor and his ex-spouse entered into a marital settlement. Shortly thereafter, the

United States of America initiated a "forfeiture against real and personal property" of Ross Roggio pursuant to 18 U.S.C. § 981(a)(1) in the District Court for the Middle District of Pennsylvania, alleging that this property was traceable to improper activity. On the same day, the United States of America requested a stay in that action pursuant to 18 U.S.C. § 981(g). Subsequently, the District Court granted the request to stay the proceedings.

I point out that the District Court stay, issued pursuant to 18 U.S.C. § 981(g), is limited to forfeiture litigation under that statute. It is based on the potentially adverse affect that civil discovery would have on a pending criminal investigation by the government. This adversary is not a forfeiture litigation and cannot be governed by the same standards as presented in 18 U.S.C. § 981. Nevertheless, in its brief in this adversary, the government argues the possibility of the same adverse affect that going forward with the bankruptcy litigation may have on the ongoing criminal investigation. While I have no desire to compromise any ongoing investigation, I am hard-pressed to find that simply filing a response to the Complaint or the Motion for Preliminary Injunction by the United States of America would compromise the government's position. Furthermore, I am not aware that any discovery has been undertaken. What is of particular concern to me is that, at the status conference set on this, the government did not request a hearing in order to provide evidence beyond the mere allegations of the Motion for Stay.

Injunctions in bankruptcy court are available under the provisions of Federal Rule of Civil Procedure 65 as incorporated by Federal Rule of Bankruptcy Procedure 7065. That Rule requires specific findings by this Court. The United States of America submitted this Motion for

Stay by argument only at a status conference set by the Court. Even though the government never asked for a hearing on this Motion, such would be appropriate. Therefore, within 21 days, the United States of America shall either request a hearing on the Motion for Stay or file a response to the Complaint and the Plaintiff's Motion for Preliminary Injunction, in which case the Motion for Stay will be deemed denied without prejudice.

My Order will follow.

By the Court,

*[signature]*

John J. Thomas, Bankruptcy Judge
(CMP)

Date: December 7, 2017

[K:\Cathy\Opinions-Orders filed 2017\5-17-ap-00096-JJT_Roggio_v_USA.pdf]  3

Case 5:17-ap-00096-JJT    Doc 40    Filed 12/07/17    Entered 12/07/17 15:55:43    Desc
Main Document    Page 3 of 3